

1   ARTHUR L. BROWN
    In Pro Per
2   1018 College Avenue
    San Mateo, CA 94401
3   Phone: (650) 347-5724
    Facsimile: none
4   Email: arthurl.brown@gsa.gov

**E-filing**

5

6

7                   UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                        SAN FRANCISCO DIVISION

10  ARTHUR L. BROWN, an individual,          )   Case No.
                                             )
11                          Plaintiff,       )   COMPLAINT for:
                                             )   1.  RACE DISCRIMINATION;
12              vs.                          )   2.  COLOR DISCRIMINATION;
                                             )   3.  AGE DISCRIMINATION;
13  LURITA ALEXIS DOAN,                      )   4.  SEX DISCRIMINATION;
    ADMINISTRATOR, GENERAL SERVICES          )   5.  RETALIATION;
14  ADMINISTRATION,                          )   6.  RACIAL HARASSMENT;
                                             )   7.  HARASSMENT BASED ON COLOR;
15                          Defendant.       )   8.  HARASSMENT BASED ON AGE;
                                             )   9.  HARASSMENT BASED ON SEX;
16                                           )   10. RETALIATORY HARASSMENT;
                                             )   11. INTERFERENCE WITH FAMILY
17                                           )       MEDICAL LEAVE ACT RIGHTS;
                                             )   12. FMLA RETALIATION
18                                           )
                                             )   **JURY TRIAL REQUESTED**
19

20                      **JURISDICTION AND VENUE**

21      1.      This Court has jurisdiction over Plaintiff's action because the action is an

22  employment discrimination and retaliation action brought under federal law, Title VII of the Civil

23  Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, as amended by the Civil Rights Act of 1991, Pub. L.

24  No. 102-166, 105 Stat. 1071 (1991), the Age Discrimination in Employment Act of 1967 (ADEA),

25  29 U.S.C. §§ 621-634, and the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*.

26  Venue is proper in this Court because the unlawful acts of which Plaintiff complains took place

27  within the City and County of San Francisco.

28

COMPLAINT

1

**PARTIES**

2      2.      Plaintiff ARTHUR L. BROWN is and was, at all times material herein, an adult

3    citizen of the State of California.

4      3.      Defendant LURITA ALEXIS DOAN, as Administrator, is the head of the General

5    Services Administration, and is sued in that official capacity.

6

**FACTUAL ALLEGATIONS**

7      4.      Plaintiff ARTHUR L. BROWN works as a GS-13 Contracting Officer for the

8    General Services Administration (GSA) in San Francisco. He has worked for the GSA for 18

9    years, and has been a federal employee for a total of 21 years. Plaintiff is an African American and

10   was over the age of 40 at the time of the acts he complains of.

11     5.      Plaintiff earned a Masters degree in Business Administration in 1974 from San

12   Francisco State University, and a Bachelor's degree in 1967 from Texas Southern University in

13   Houston, Texas.

14     6.      In 2001, 2002, 2003, 2004 and 2005, Plaintiff received "Successful" ratings on his

15   annual performance reviews.

16     7.      Beginning in January 2005, Plaintiff was allowed by his supervisors to take about

17   one week of sick leave per quarter in order to care for his mother, who was seriously ill. In early

18   2006, Plaintiff submitted a written request that he be allowed to take Family Medical Leave Act

19   (FMLA) leave each quarter to take care of his seriously ill mother. This request was approved.

20     8.      On November 15, 2006, Plaintiff was given a Warning Notice based on false

21   allegations that he misused government telephones, failed to follow instructions, and used a

22   conference room as a personal office. The same day, Plaintiff was given a Notification of Level 2

23   Work Performance and told that he had 90 days to raise his work to Level 3. A Level 2 rating

24   corresponds to a "Minimally Successful" performance and Level 3 corresponds to "Fully

25   Successful."

26     9.      On approximately November 21, 2006, GSA officials requested medical

27   documentation regarding his mother's medical condition. Plaintiff provided the documentation.

28   Despite Plaintiff's submission of the requested medical documentation, GSA officials denied

- 2 -

1    Plaintiff's request to take medical leave from December 11-15, 2006.

2        10.    On November 29, 2006, Plaintiff requested information to support the allegations

3    that his performance had fallen to the Level 2 "Minimally Successful" level, but he received no

4    response.

5        11.    On November 29, 2006, Plaintiff was told by a supervisor that "no one has seen you

6    today and it is now 9:08 a.m.," despite the fact that he had arrived at work on time.  He was also

7    falsely accused of not using his Blackberry wireless device.

8        12.    On December 21, 2006, Plaintiff contacted an EEO office to complain about

9    discrimination, harassment, retaliation and violation of his Family Medical Leave Act rights..

10       13.    On or about January 4, 2007, Plaintiff filed a formal EEO complaint, Agency No.

11   07-R9-PBS-SF-0009, alleging race, color, age and sex discrimination and harassment, retaliation,

12   and violation of his Family Medical Leave Act rights.

13       14.    On January 4, 2007, EEO Counselor Vince Llaguno sent Plaintiff a set of questions

14   to answer regarding his EEO complaint.  Plaintiff received the questions on January 8, 2007.  Mr.

15   Llaguno told Plaintiff that it normally takes two to three days to respond to the questions.

16       15.    On January 11, 2007, Plaintiff requested eight hours of official time to answer the

17   questions from the EEO Counselor regarding his EEO complaint.

18       16.    On January 16, 2007, Plaintiff was told that two hours should be sufficient time for

19   him to complete his responses to the questions from the EEO Counselor.

20       17.    On January 17, 2007, Plaintiff requested an additional four hours to complete his

21   EEO questionnaire.  On January 18, 2007, Plaintiff's request was denied.

22       18.    On January 18, 2007, Plaintiff worked nearly 7 hours at his office after hours on his

23   own time completing his responses to the EEO questionnaire.  In total, Plaintiff spent about 10

24   hours completing his responses.

25       19.    On or about April 4, 2007, Plaintiff filed an EEO complaint, Agency No. 07-R9-

26   PBS-SF-0010, alleging race, color, age and sex discrimination and harassment, and retaliation,

27   based on the denial of his requests for official time to respond to the EEO questionnaire.

28       20.    On May 22, 2007, the GSA issued a Final Agency Decision dismissing Plaintiff's

- 3 -

1    EEO complaint no. 07-R9-PBS-SF-0010 for failure to state a claim.

2    21.    On June 18, 2007, Plaintiff filed a timely appeal of the Final Agency Decision with

3    the Equal Employment Opportunity Commission (EEOC) Office of Federal Operations.

4    22.    In a decision dated August 30, 2007, the EEOC Office of Federal Operations

5    affirmed the Final Agency Decision dismissing Plaintiff's EEO complaint no. 07-R9-PBS-SF-

6    0010. Plaintiff received the August 30, 2007 Decision on September 4, 2007.

7    23.    Plaintiff filed other EEO complaints between April 4, 2007 and the date of this civil

8    action. However, this civil action seeks remedies only for the acts and omissions encompassed by

9    Plaintiff's EEO complaint no. 07-R9-PBS-SF-0009 and Plaintiff's EEO complaint no. 07-R9-PBS-

10    SF-0010.

## FIRST CAUSE OF ACTION

## (RACE DISCRIMINATION)

13    24.    Plaintiff BROWN hereby incorporates by reference paragraphs 1 through 23 of this

14    complaint as if fully set forth herein.

15    25.    Plaintiff BROWN is and was, at all times material herein, an African American and

16    therefore protected under Title VII of the Civil Rights Act of 1964.

17    26.    Defendant DOAN, at all times material herein, was an employer subject to the

18    requirements of the Title VII and had a legal duty to not discriminate against Plaintiff BROWN

19    based on his race.

20    27.    Defendant DOAN, in violation of Title VII, discriminated against Plaintiff BROWN

21    because of his race when defendant DOAN's employees committed acts and omissions including,

22    but not necessarily limited to those encompassed by Plaintiff's EEO complaint no. 07-R9-PBS-SF-

23    0009 and Plaintiff's EEO complaint no. 07-R9-PBS-SF-0010.

24    28.    As a direct and proximate result of defendant DOAN's discrimination against

25    Plaintiff BROWN based on his race, Plaintiff has sustained pecuniary and economic losses,

26    emotional distress, humiliation, embarrassment and mental anguish, all to his damage in an amount

27    to be established at trial.

28    WHEREFORE, plaintiff BROWN requests relief as hereinafter provided.

- 4 -

COMPLAINT

1

2

## SECOND CAUSE OF ACTION

## (DISCRIMINATION BASED ON COLOR)

3

4

29.    Plaintiff BROWN hereby incorporates by reference paragraphs 1 through 28 of this complaint as if fully set forth herein.

5

6

30.    Plaintiff BROWN is and was, at all times material herein, an African American and therefore protected under Title VII of the Civil Rights Act of 1964.

7

8

9

35.    Defendant DOAN, at all times material herein, was an employer subject to the requirements of the Title VII and had a legal duty to not discriminate against Plaintiff BROWN based on his color.

10

11

12

13

36.    Defendant DOAN, in violation of Title VII, discriminated against Plaintiff BROWN because of his color when defendant DOAN's employees committed acts and omissions including, but not necessarily limited to those encompassed by Plaintiff's EEO complaint no. 07-R9-PBS-SF-0009 and Plaintiff's EEO complaint no. 07-R9-PBS-SF-0010.

14

15

16

17

37.    As a direct and proximate result of defendant DOAN's discrimination against Plaintiff BROWN based on his color, Plaintiff has sustained pecuniary and economic losses, emotional distress, humiliation, embarrassment and mental anguish, all to his damage in an amount to be established at trial.

18

WHEREFORE, plaintiff BROWN requests relief as hereinafter provided.

19

## THIRD CAUSE OF ACTION

20

## (AGE DISCRIMINATION)

21

22

38.    Plaintiff BROWN hereby incorporates by reference paragraphs 1 through 37 of this complaint as if fully set forth herein.

23

24

25

39.    Plaintiff BROWN is and was, at all times material herein, an individual over 40 years old at the time of the acts complained of, and therefore protected under Age Discrimination in Employment Act of 1967 (ADEA).

26

27

28

40.    Defendant DOAN, at all times material herein, was an employer subject to the requirements of the ADEA and had a legal duty to not discriminate against Plaintiff BROWN based on his age.

- 5 -

COMPLAINT

1    41.    Defendant DOAN, in violation of the ADEA, discriminated against Plaintiff

2  BROWN  because of his age when defendant DOAN's employees committed acts and omissions

3  including, but not necessarily limited to those encompassed by Plaintiff's EEO complaint no. 07-

4  R9-PBS-SF-0009 and Plaintiff's EEO complaint no. 07-R9-PBS-SF-0010.  Defendant DOAN's

5  violation of the ADEA was not done in good faith or based on a reasonable belief that Defendant

6  was not violating the ADEA.

7    42.    As a direct and proximate result of defendant DOAN's discrimination against

8  Plaintiff BROWN based on his age, Plaintiff has sustained pecuniary and economic losses,

9  emotional distress, humiliation, embarrassment and mental anguish, all to his damage in an amount

10  to be established at trial.

11    WHEREFORE, plaintiff BROWN requests relief as hereinafter provided.

12    **FOURTH CAUSE OF ACTION**

13    **(SEX DISCRIMINATION)**

14    43.    Plaintiff BROWN hereby incorporates by reference paragraphs 1 through 42 of this

15  complaint as if fully set forth herein.

16    44.    Plaintiff BROWN is and was, at all times material herein, a male and therefore

17  protected under Title VII of the Civil Rights Act of 1964.

18    45.    Defendant DOAN, at all times material herein, was an employer subject to the

19  requirements of the Title VII and had a legal duty to not discriminate against Plaintiff BROWN

20  based on his sex.

21    46.    Defendant DOAN, in violation of Title VII, discriminated against Plaintiff BROWN

22  because of his sex when defendant DOAN's employees committed acts and omissions including,

23  but not necessarily limited to those encompassed by Plaintiff's EEO complaint no. 07-R9-PBS-SF-

24  0009 and Plaintiff's EEO complaint no. 07-R9-PBS-SF-0010.

25    47.    As a direct and proximate result of defendant DOAN's discrimination against

26  Plaintiff BROWN based on his sex, Plaintiff has sustained pecuniary and economic losses,

27  emotional distress, humiliation, embarrassment and mental anguish, all to his damage in an amount

28  to be established at trial.

- 6 -

COMPLAINT

1

WHEREFORE, plaintiff BROWN requests relief as hereinafter provided.

2

### FIFTH CAUSE OF ACTION

3

### (RETALIATION)

4

48.     Plaintiff BROWN hereby incorporates by reference paragraphs 1 through 47 of this

5

complaint as if fully set forth herein.

6

49.     Plaintiff BROWN engaged in activity protected under the anti-retaliation provisions

7

of Title VII of the Civil Rights Act of 1964.

8

50.     Defendant DOAN, at all times material herein, was an employer subject to the

9

requirements of the Title VII and had a legal duty to not retaliate against Plaintiff BROWN based

10

on his protected activity.

11

51.     Defendant DOAN, in violation of Title VII, retaliated against Plaintiff BROWN

12

because of his protected activity when defendant DOAN's employees committed acts and

13

omissions including, but not necessarily limited to those encompassed by Plaintiff's EEO

14

complaint no. 07-R9-PBS-SF-0009 and Plaintiff's EEO complaint no. 07-R9-PBS-SF-0010.

15

52.     As a direct and proximate result of defendant DOAN's retaliation against Plaintiff

16

BROWN based on his protected activity, Plaintiff has sustained pecuniary and economic losses,

17

emotional distress, humiliation, embarrassment and mental anguish, all to his damage in an amount

18

to be established at trial.

19

WHEREFORE, plaintiff BROWN requests relief as hereinafter provided.

20

### SIXTH CAUSE OF ACTION

21

### (RACIAL HARASSMENT)

22

53.     Plaintiff BROWN hereby incorporates by reference paragraphs 1 through 52 of this

23

complaint as if fully set forth herein.

24

54.     Plaintiff BROWN is and was, at all times material herein, an African American and

25

therefore protected under Title VII of the Civil Rights Act of 1964.

26

55.     Defendant DOAN, at all times material herein, was an employer subject to the

27

requirements of the Title VII and had a legal duty to not harass Plaintiff BROWN based on his race

28

and to not create a hostile work environment for Plaintiff based on his race.

- 7 -

1

56.     Defendant DOAN, in violation of Title VII, harassed Plaintiff BROWN based on

2

his race and/or created a hostile work environment for him based on his race when Defendant's

3

employees, based on Plaintiff's race, subjected Plaintiff to unwelcome conduct that was

4

sufficiently severe or pervasive as to create an objectively and subjectively hostile work

5

environment that unreasonably interfered with Plaintiff's work and/or altered the terms and

6

conditions of his employment. The harassment and/or hostile work environment took the form of

7

acts and omissions including, but not necessarily limited to those encompassed by Plaintiff's EEO

8

complaint no. 07-R9-PBS-SF-0009 and Plaintiff's EEO complaint no. 07-R9-PBS-SF-0010.

9

57.     As a direct and proximate result of defendant DOAN's harassment of Plaintiff

10

BROWN based on his race, Plaintiff has sustained pecuniary and economic losses, emotional

11

distress, humiliation, embarrassment and mental anguish, all to his damage in an amount to be

12

established at trial.

13

WHEREFORE, plaintiff BROWN requests relief as hereinafter provided.

14

## SEVENTH CAUSE OF ACTION

15

## (HARASSMENT BASED ON COLOR)

16

58.     Plaintiff BROWN hereby incorporates by reference paragraphs 1 through 57 of this

17

complaint as if fully set forth herein.

18

59.     Plaintiff BROWN is and was, at all times material herein, an African American and

19

therefore protected under Title VII of the Civil Rights Act of 1964.

20

60.     Defendant DOAN, at all times material herein, was an employer subject to the

21

requirements of the Title VII and had a legal duty to not harass Plaintiff BROWN based on his

22

color and to not create a hostile work environment for Plaintiff based on his color.

23

61.     Defendant DOAN, in violation of Title VII, harassed Plaintiff BROWN based on

24

his color and/or created a hostile work environment for him based on his color when Defendant's

25

employees, based on Plaintiff's color, subjected Plaintiff to unwelcome conduct that was

26

sufficiently severe or pervasive as to create an objectively and subjectively hostile work

27

environment that unreasonably interfered with Plaintiff's work and/or altered the terms and

28

conditions of his employment. The harassment and/or hostile work environment took the form of

- 8 -

1    acts and omissions including, but not necessarily limited to those encompassed by Plaintiff's EEO

2    complaint no. 07-R9-PBS-SF-0009 and Plaintiff's EEO complaint no. 07-R9-PBS-SF-0010.

3        62.    As a direct and proximate result of defendant DOAN's harassment of Plaintiff

4    BROWN based on his color, Plaintiff has sustained pecuniary and economic losses, emotional

5    distress, humiliation, embarrassment and mental anguish, all to his damage in an amount to be

6    established at trial.

7        WHEREFORE, plaintiff BROWN requests relief as hereinafter provided.

8                        **EIGHTH CAUSE OF ACTION**

9                        **(HARASSMENT BASED ON AGE)**

10       63.    Plaintiff BROWN hereby incorporates by reference paragraphs 1 through 62 of this

11   complaint as if fully set forth herein.

12       64.    Plaintiff BROWN is and was, at all times material herein, over the age of 40 at the

13   time of the acts complained of, and therefore protected under the Age Discrimination in

14   Employment Act of 1967 (ADEA).

15       65.    Defendant DOAN, at all times material herein, was an employer subject to the

16   requirements of the ADEA and had a legal duty to not harass Plaintiff BROWN based on his age

17   and to not create a hostile work environment for Plaintiff based on his age.

18       66.    Defendant DOAN, in violation of the ADEA, harassed Plaintiff BROWN based on

19   his age and/or created a hostile work environment for him based on his age when Defendant's

20   employees, based on Plaintiff's age, subjected Plaintiff to unwelcome conduct that was sufficiently

21   severe or pervasive as to create an objectively and subjectively hostile work environment that

22   unreasonably interfered with Plaintiff's work and/or altered the terms and conditions of his

23   employment.  The harassment and/or hostile work environment took the form of acts and

24   omissions including, but not necessarily limited to those encompassed by Plaintiff's EEO

25   complaint no. 07-R9-PBS-SF-0009 and Plaintiff's EEO complaint no. 07-R9-PBS-SF-0010.

26       67.    As a direct and proximate result of defendant DOAN's harassment of Plaintiff

27   BROWN based on his age, Plaintiff has sustained pecuniary and economic losses, emotional

28

- 9 -

COMPLAINT

1   distress, humiliation, embarrassment and mental anguish, all to his damage in an amount to be

2   established at trial.

3        WHEREFORE, plaintiff BROWN requests relief as hereinafter provided.

4                          **NINTH CAUSE OF ACTION**

5                          **(HARASSMENT BASED ON SEX)**

6        68.    Plaintiff BROWN hereby incorporates by reference paragraphs 1 through 67 of this

7   complaint as if fully set forth herein.

8        69.    Plaintiff BROWN is and was, at all times material herein, a male and therefore

9   protected under Title VII of the Civil Rights Act of 1964.

10       70.    Defendant DOAN, at all times material herein, was an employer subject to the

11   requirements of the Title VII and had a legal duty to not harass Plaintiff BROWN based on his sex

12   and to not create a hostile work environment for Plaintiff based on his sex.

13       71.    Defendant DOAN, in violation of Title VII, harassed Plaintiff BROWN based on

14   his sex and/or created a hostile work environment for him based on his sex when Defendant's

15   employees, based on Plaintiff's sex, subjected Plaintiff to unwelcome conduct that was sufficiently

16   severe or pervasive as to create an objectively and subjectively hostile work environment that

17   unreasonably interfered with Plaintiff's work and/or altered the terms and conditions of his

18   employment.  The harassment and/or hostile work environment took the form of acts and

19   omissions including, but not necessarily limited to those encompassed by Plaintiff's EEO

20   complaint no. 07-R9-PBS-SF-0009 and Plaintiff's EEO complaint no. 07-R9-PBS-SF-0010.

21       72.    As a direct and proximate result of defendant DOAN's harassment of Plaintiff

22   BROWN based on his sex, Plaintiff has sustained pecuniary and economic losses, emotional

23   distress, humiliation, embarrassment and mental anguish, all to his damage in an amount to be

24   established at trial.

25       WHEREFORE, plaintiff BROWN requests relief as hereinafter provided.

26                          **TENTH CAUSE OF ACTION**

27                          **(RETALIATORY HARASSMENT)**

28

- 10 -

COMPLAINT

1    73.   Plaintiff BROWN hereby incorporates by reference paragraphs 1 through 72 of this

2    complaint as if fully set forth herein.

3    74.   Plaintiff BROWN engaged in activity protected under Title VII of the Civil Rights

4    Act of 1964.

5    75.   Defendant DOAN, at all times material herein, was an employer subject to the

6    requirements of the Title VII and had a legal duty to not harass Plaintiff BROWN based on his

7    protected activity and to not create a hostile work environment for Plaintiff based on his protected

8    activity.

9    76.   Defendant DOAN, in violation of Title VII, harassed Plaintiff BROWN based on

10   his protected activity and/or created a hostile work environment for him based on his protected

11   activity when Defendant's employees, based on Plaintiff's protected activity, subjected Plaintiff to

12   unwelcome conduct that was sufficiently severe or pervasive as to create an objectively and

13   subjectively hostile work environment that unreasonably interfered with Plaintiff's work and/or

14   altered the terms and conditions of his employment.  The harassment and/or hostile work

15   environment took the form of acts and omissions including, but not necessarily limited to those

16   encompassed by Plaintiff's EEO complaint no. 07-R9-PBS-SF-0009 and Plaintiff's EEO complaint

17   no. 07-R9-PBS-SF-0010.

18   77.   As a direct and proximate result of defendant DOAN's harassment of Plaintiff

19   BROWN based on his protected activity, Plaintiff has sustained pecuniary and economic losses,

20   emotional distress, humiliation, embarrassment and mental anguish, all to his damage in an amount

21   to be established at trial.

22        WHEREFORE, plaintiff BROWN requests relief as hereinafter provided.

23                    **ELEVENTH CAUSE OF ACTION**

24        **(INTERFERENCE WITH FAMILY MEDICAL LEAVE ACT RIGHTS)**

25   78.   Plaintiff BROWN hereby incorporates by reference paragraphs 1 through 77 of this

26   complaint as if fully set forth herein.

27   79.   Defendant DOAN, at all times material herein, was an employer subject to the

28   requirements of the Family Medical Leave Act (FMLA).

- 11 -

COMPLAINT

1    80.    Defendant DOAN violated the FMLA when her employees improperly interfered

2    with Plaintiff's FMLA rights by denying Plaintiff's requests for leave to care for his seriously ill

3    mother. Defendant DOAN also interfered with Plaintiff's rights under the FMLA when her

4    employees committed acts and omissions including, but not necessarily limited to those

5    encompassed by Plaintiff's EEO complaint no. 07-R9-PBS-SF-0009 and Plaintiff's EEO complaint

6    no. 07-R9-PBS-SF-0010. Defendant DOAN's violations of the FMLA were not done in good faith

7    or based on a reasonable belief that Defendant was not violating the FMLA.

8    81.    As a direct and proximate result of defendant DOAN's improper interference with

9    and denial of Plaintiff BROWN's requests for leave to care for his seriously ill mother, Plaintiff

10   has sustained pecuniary and economic losses, emotional distress, humiliation, embarrassment and

11   mental anguish, all to his damage in an amount to be established at trial.

12   WHEREFORE, plaintiff BROWN requests relief as hereinafter provided.

13   ## TWELFTH CAUSE OF ACTION

14   ## (FMLA RETALIATION)

15   82.    Plaintiff BROWN hereby incorporates by reference paragraphs 1 through 81 of this

16   complaint as if fully set forth herein.

17   83.    Defendant DOAN, at all times material herein, was an employer subject to the

18   requirements of the Family Medical Leave Act (FMLA).

19   84.    Plaintiff BROWN opposed Defendant DOAN's acts that he reasonably and in good

20   faith believed violated the FMLA.

21   85.    Defendant DOAN violated the FMLA when her employees, because of Plaintiff's

22   opposition to acts he believed violated the FMLA, committed the acts and omissions including, but

23   not necessarily limited to those encompassed by Plaintiff's EEO complaint no. 07-R9-PBS-SF-

24   0009 and Plaintiff's EEO complaint no. 07-R9-PBS-SF-0010. Defendant DOAN's violation of the

25   FMLA was not done in good faith or based on a reasonable belief that Defendant was not violating

26   the FMLA.

27   86.    As a direct and proximate result of defendant DOAN's retaliation against Plaintiff

28   because of his opposition to acts he believed violated the FMLA, Plaintiff has sustained pecuniary

- 12 -

COMPLAINT

1   and economic losses, emotional distress, humiliation, embarrassment and mental anguish, all to his

2   damage in an amount to be established at trial.

3       WHEREFORE, plaintiff BROWN requests relief as hereinafter provided.

4   ## PRAYER FOR RELIEF

5

6       WHEREFORE, plaintiff ARTHUR BROWN respectfully prays that this Court grant the

7   following relief:

8       1.      An award of full back pay including all benefits, and interest according to proof on

9   all Causes of Action;

10      2.      An award of economic, consequential, special and general damages according to

11  proof on all applicable Causes of Action;

12      3.      An award of compensatory damages for mental and emotional distress according to

13  proof on all applicable Causes of Action;

14      4.      Liquidated damages on the Third, Eleventh and Twelfth Causes of Action;

15      5.      An award of Plaintiff BROWN's costs of suit, disbursements and reasonable

16  attorneys' fees on all applicable Causes of Action;

17      6.      An award of interest, including prejudgment interest, at the legal rate;

18      7.      Injunctive and declaratory relief as necessary to ensure defendant complies with its

19  legal obligations to provide a workplace free of discrimination, harassment and retaliation; and

20      8.      An award of such further and other relief as the Court deems just and proper.

21  ## DEMAND FOR JURY TRIAL

22      Plaintiff ARTHUR L. BROWN. hereby demands a jury trial as provided by Rule 38(a) of

23  the Federal Rules of Civil Procedure.

24  Date: November 29, 2007.                 Respectfully Submitted,

25

26                                   By:

27                                       ARTHUR L. BROWN
                                         In Pro Per
28

- 13 -

COMPLAINT