|   |   |
|---|---|
| 1 | ARTHUR L. BROWN |
|   | In Pro Per |
| 2 | 1018 College Avenue |
|   | San Mateo, CA 94401 |
| 3 | Phone: (650) 347-5724 |
|   | Facsimile: none |
| 4 | Email: arthurl.brown@gsa.gov |



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ARTHUR L. BROWN, an individual,  ) Case No. C 07-6036 (EDL)
)
Plaintiff,  ) **PLAINTIFF'S CASE MANAGEMENT**
) **CONFERENCE STATEMENT**
vs.  )
)
LURITA ALEXIS DOAN,  ) Date: March 4, 2008
ADMINISTRATOR, GENERAL SERVICES ) Time: 10:00 a.m.
ADMINISTRATION,  ) Courtroom: E
) Judge: The Honorable Elizabeth D. Laporte
Defendant.  )

Plaintiff Arthur L. Brown hereby submits his Case Management Conference Statement pursuant to Rule 16-9 of the Civil Local Rules for the Northern District of California:

1. Jurisdiction and Service: This Court has jurisdiction over this action because it involves claims brought under federal laws, such as Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act (ADEA), and the Family Medical Leave Act. Defendant has been properly served and there are no defendants who have not been served. Venue is proper in this Court because the actions at issue took place in San Francisco, CA.

2. Facts: Beginning in January 2005, I was allowed to take FMLA leave of one week per quarter to help care for my mother, who was seriously ill. Beginning on November 15, 2006, my supervisors started making false accusations against me in regards to use of telephones and conference rooms, and failure to follow instructions. That same day, I was given a rating of "Minimally Successful" and told that I had 90 days to raise my work to the level of "Fully

Successful." On November 21, 2006, my supervisors asked for medical documentation of my mother's medical condition and I provided the documentation. However, my request to take FMLA leave from December 11-15, 2006, was denied. On November 29, 2006, I requested substantiation of my "Minimally Successful" rating, but I got no response. That same day, a supervisor falsely accused me of being late to work and of not using my Blackberry wireless device. On January 4, 2007, I filed a formal EEO complaint. On January 8, 2007, I received a list of questions from the EEO Counselor, who told me it normally took two to three days to respond to the questions. On January 11, 2007, I requested 8 hours of official time to answer the EEO questions, but was told I could only have two hours. On January 17, 2007, I requested an additional four hours to complete the EEO questionnaire, but this request was denied. In the end, it took me about 10 hours to complete my responses to the EEO questions. On April 4, 2007, I filed an EEO complaint regarding the denial of my request for time to complete the EEO questionnaire.

  3. Legal Issues: The main legal issues here are whether defendant discriminated against me or harassed me based on my race, color, age, sex or because I opposed illegal discrimination and harassment; and also whether defendant unlawfully interfered with my FMLA rights and retaliated against me for exercising my rights under the FMLA.

  4. Motions: Defendant anticipates that it will file a motion for summary judgment. If defendant fails to adequately respond to discovery requests, I may file a motion to compel.

  5. Amendment of Pleadings: None at this time.

  6. Evidence Preservation: I am preserving all relevant evidence in my possession.

  7. Disclosures: I will serve my Initial Disclosures on defendant on or before March 18, 2008.

  8. Discovery: No discovery has taken place yet. I plan to propound written discovery requests and notice depositions.

  9. Class Actions: Not applicable.

  10. Related Cases: I have related EEO cases pending before the EEOC.

  11. Relief: I am seeking economic, consequential, special, general, liquidated and compensatory damages, but I have no calculation of those damages at this time. I am also seeking

injunctive and declaratory relief, and reasonable attorneys' fees and costs.

12. <u>Settlement and ADR</u>: No ADR has taken place yet. I consent to mediation, but defendant is apparently not interested in ADR.

13. <u>Consent to Magistrate Judge for All Purposes</u>: I consent to have a magistrate judge conduct all further proceedings.

14. <u>Other References</u>: Not applicable.

15. <u>Narrowing of Issues:</u> None at this time.

16. <u>Expedited Schedule:</u> Not appropriate here.

17. <u>Scheduling:</u> I propose the following schedule:

Discovery cut-off: October 22, 2008

Plaintiff's Expert Witness Disclosure: November 5, 2008

Defendant's Expert Witness Disclosure: November 19, 2008

Expert witness discovery cut-off: December 31, 2008

Last day to hear dispositive motions: February 27, 2009

Pre-trial conference: March 19, 2009

Trial: March 30, 2009

18. <u>Trial:</u> Plaintiff estimates that a jury trial of this case will take seven days.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>: None.

20. <u>Other Matters</u>: None.

Date: February 28, 2008                    Respectfully Submitted,

By: _____C. Parker for Arthur Brown_____
ARTHUR L. BROWN
In Pro Per

## PROOF OF SERVICE

In the civil action *Brown v. Doan,* N.D. Cal. Case No. C 07-6036 (EDL)

I, the undersigned, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; In said County and State, on **February 29, 2008**, I served the *following document*:

### CASE MANAGEMENT STATMENT

*addressed to each of the persons named below at the address shown:*

Ellen M. Fitzgerald
Assistant U.S. Attorney
450 Golden Gate Ave., Box 36055
San Francisco, CA 94102-3495

**XX BY MAIL**: I placed a true copy in a sealed envelope addressed and dated as indicated above. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

\_\_\_ **BY PERSONAL SERVICE:** I placed a true copy in a sealed envelope, addressed as indicated above and giving same to a messenger for personal delivery before 5:00 p.m. on the above-indicated date.

**XX BY FACSIMILE:** From facsimile machine telephone number (415) 398-3887 on the above-indicated date, I served a full and complete copy of the above-referenced document by facsimile transmission to the person(s) at the number(s) indicated.

\_\_\_ **BY FEDERAL EXPRESS**: I placed a true copy in a sealed envelope addressed and dated (as indicated above). I am familiar with the firm's practice for the collection and processing of correspondence for distributing by **Federal Express**; pursuant to that practice, envelopes placed for collection at designated locations during designated hours are deposited at the Federal Express office that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at San Francisco, California, on February 29, 2008.