**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

*9th Floor, Federal Building*                                                                                   *(415) 436-7200*
*450 Golden Gate Avenue, Box 36055*
*San Francisco, California  94102-3495*                                                          *FAX:(415) 436-6748*

September 4, 2008

*Via E-file*

United States Magistrate Laporte
Courtroom E, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *Arthur L. Brown v. Lurita Alexis Doan, Administrator, GSA*
            C 07-6036 EDL

Dear Magistrate Judge Laporte:

      I write to seek the Court's guidance on a case management issue.  Regrettably, it appears that the parties are at an impasse with regard to the case schedule.

      As you know, Plaintiff was in pro per on this case since its inception in November 2007.  He later requested mediation and the appointment of special mediation counsel, which the Court granted.  On August 6th, the parties appeared for a Case Management Conference wherein your honor inquired about the status of the case.  I advised that Plaintiff's deposition was set to occur on August 12th and Defendant was awaiting discovery responses per an extension Defendant previously granted.  I further advised that the ADR office and Plaintiff's special mediation counsel requested that the parties obtain a short extension on the deadline to complete mediation to accommodate Mr. Brown's and his counsel's calendars and the ADR offices need to process the mediation.  Plaintiff stated that he needed more time to respond to the written discovery and that he was unavailable for his deposition on the August 12th date that he selected because he had to go out of town.[1]  I stated that this was the first time I was hearing about such matters but I was willing to discuss appropriate revisions to the schedule to accommodate this delay.  Your honor cautioned that this matter needed to move along and that short continuances in certain dates may be appropriate, but that the parties should largely stick to the schedule already in place.  The Court ordered short extensions on the deadlines for the parties to complete mediation and to hear dispositive motions.  All other dates remained the same.  I reached out to Plaintiff immediately after that conference to discuss proposed revisions to other dates in the schedule as the parties

---

      [1]It is my understanding that Plaintiff did not go out of town on August 12th and was available for deposition.  I subsequently re-set the deposition for August 26th, a date to which Plaintiff agreed he would appear.  Plaintiff subsequently canceled this date as well.

and the Court had discussed, specifically, the discovery cut-off date. Plaintiff did not return my calls or my correspondence to discuss the matter.

On August 25th, Plaintiff obtained counsel and has since requested dismissal of the special mediation counsel appointed by the Court. When Plaintiff's counsel notified me of their representation of Plaintiff, I immediately requested that they contact me to discuss a date certain for Plaintiff's deposition and any proposed revisions to the schedule. I also advised that I was not able to stipulate to lengthy continuances because (1); the court-ordered dates had long been set; (2) the Court had previously advised the parties to move the matter along and cautioned against significant deviation from the current schedule; (3), Plaintiff rejected Defendant's offer to adjust dates; and (4) Defendant and counsel relied on the established dates scheduling other trials and matters around them. I requested that Plaintiff's counsel strongly consider working with the dates set by the Court as much as possible. Today, I received a proposed schedule that changes all dates substantially, continuing various dates for nine plus months, continuing the trial date for at least four months, and running into other trials and scheduling matters already in place. Plaintiff's counsel requested that I accept the proposed schedule by 3:00 today or Plaintiff would file a motion for relief. I asked Plaintiff's counsel if he was willing to discuss other dates with me because I could not agree to the sole schedule he proposed. He stated that he would not consider any earlier dates.

As of now, none of the Court ordered dates have moved. The discovery cut-off date actually runs tomorrow. I request the Court's guidance as to whether the Court prefers that the parties do what they need to do through motions (e.g., Plaintiff immediately files a motion for relief from case schedule, Defendant immediately files motions to compel discovery per court rules), or if the Court will set a CMC in the very near future (prior to September 16th) to discuss scheduling matters. As a further note, the parties have agreed to Plaintiff's deposition on September 18th, and mediation with the ADR program on October 7th.

The Court's guidance is very much appreciated.

Respectfully Submitted,

_____/s/_____
Victoria R. Carradero
Assistant United States Attorney

cc:   Plaintiff's counsel at the Law Offices of Waukeen McCoy *via* E-file