WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
SPENCER F. SMITH, ESQ. (SBN: 236587)
LAW OFFICES OF WAUKEEN Q. McCOY
703 Market Street, Suite 1407
San Francisco, California 94103
Telephone:   (415) 675-7705
Facsimile:    (415) 675-2530

Attorney for Plaintiff
Arthur L. Brown

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR L. BROWN,<br><br>Plaintiff,<br><br>vs.<br><br>LURITA ALEXIS DOAN, ADMINISTRATOR, GENERAL SERVICES ADMINISTRATION<br><br>Defendant. | Case No. c 07-6036<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION TO AMEND SCHEDULING ORDER** |

**I.    INTRODUCTION**

On September 4, 2008, 10 days after Plaintiff Arthur L. Brown, who was in pro per, retained counsel, Plaintiff filed an ex parte application to amend the Court's scheduling order.

Plaintiffs respectfully request that the Court issue an order continuing pretrial proceeding dates set in the Court's Scheduling Order. The parties attempted to enter into a stipulation regarding the continuing of pretrial proceedings on September 4, 2008. (Smith Decl. ¶ 3). This

stipulation contemplated the fact that Plaintiff's counsel would need extra time to complete discovery in the underlying matter. The parties could not agree on dates in the stipulation and (Smith Decl. ¶ 3).

Plaintiff will be clearly prejudiced if the schedule is not amended as Plaintiff will be prevented from taking vital discovery prior to trial in this matter.

## II.   ARGUMENT

### A.   Counsel For Plaintiffs Attempted to Obtain a Stipulation To The Proposed Amendment

On September 4, 2008 counsel for Plaintiffs attempted to meet and confer concerning the defense's *ex parte* application for relief from the scheduling order, asking that the parties enter into a stipulation with a proposed order to continue the dates in this matter. (Smith Decl. ¶3).

### B.   Good Cause Exists To Amend the Pretrial Proceeding Dates in Court's Scheduling Order

The scheduling order "shall control the subsequent course of the action" unless modified by the court upon a showing of "good cause." FRCP 16(b); *Zivkovic v. Southern Calif. Edison Co.* (9th Cir. 2002) 302 F3d 1080, 1087-1088. On March 11, 2008, the district court filed an order setting the pretrial schedule. The order provided that the fact discovery cutoff date was September 5, 2008. Both the plaintiff and defendants in this matter will not able to complete fact discovery by September 5, 2008. Specifically, Plaintiff was proceeding in pro per until he retained counsel on August 25, 2008 (Smith Decl. ¶ 4). Plaintiff has agreed to allow Defendant to complete the depositions plaintiff on September 18, 2008 and complete mediation by October 7, 2008.

Plaintiff anticipates taking extensive discovery related to the defendant's role in retaliating against and/or discriminating against plaintiff. Plaintiff needs extra time to complete

this highly probative discovery. Accordingly, based upon a showing of good cause, Plaintiff seeks an order to amend the scheduling order to extend fact discovery by a minimum of 90 days.

Rule 16(b) specifically states that a "schedule shall not be modified except upon a showing of *good cause*" and by leave of court. FRCP 16(b) (emphasis added). Good cause exists because the parties anticipated that discovery would not be completed prior to the discovery cutoff and attempted to enter into a stipulation to extend the discovery cutoff.

The request for amendment to the scheduling is for the following reason:

1. Plaintiff just retained counsel on August 25, 2008.

### C. **Defendants Will Suffer No Undue Prejudice By the Modification**.

The defendants will suffer no prejudice by the extension of fact discovery requested by the present application. Defendants have noticed the Plaintiffs' depositions beyond the discovery cutoff contained in the scheduling order.

### III. CONCLUSION

For the foregoing reasons the Court should grant Plaintiff's *Ex Parte* Application and issue an Order amending the Court's Scheduling Order, so that pretrial proceeding dates can be continued for a minimum of 8 months to allow both parties to complete much needed discovery.

Dated: September 4, 2008.

        LAW OFFICES OF WAUKEEN MCCOY

        /s/Waukeen McCoy
        WAUKEEN MCCOY, ESQ.
        ATTORNEY FOR PLAINTIFFS