JOSEPH P. RUSSONIELLO (CSBN 118321)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
VICTORIA R. CARRADERO (CSBN 217885)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7181
   Fax: (415) 436-6748
   Email: victoria.carradero@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR L. BROWN, ) | Case No.  C 07-06036 EDL |
|     Plaintiff, ) | DEFENDANT'S RESPONSE TO |
| ) | PLAINTIFF'S EX PARTE APPLICATION |
|     v. ) | |
| ) | |
| LURITA ALEXIS DOAN, ) | |
| ADMINISTRATOR, GENERAL ) | |
| SERVICES ADMINISTRATION ) | |
| ) | |
|     Defendant. ) | |

AMENDED NOTICE OF DEPOSITION- Case No. C 07-06036 EDL

Defendant submits the following response to Plaintiff's Ex Parte Application.

## I. INTRODUCTION

This lawsuit was filed in November 2007. At the beginning of this case, the parties proposed schedules. The Court adopted aspects of each parties' proposed schedule in its Scheduling Order dated March 2008. After litigating this matter for several months, during which time Plaintiff had multiple opportunities to request and obtain extensions from the Court and/or Defendant on established discovery and trial dates, Plaintiff now claims that he will be "severely prejudiced" if the schedule he demands is not agreed to by Defendant or ordered by the Court.[1]

As set forth below, Defendant has been more than willing to work with Plaintiff in this matter. Recognizing that Plaintiff was in pro per, Defendant's counsel has been very patient with Plaintiff, accommodating Plaintiff with his numerous delays and requests for extension. However, throughout the case, Defendant has relied on the dates ordered by the Court, particularly after Plaintiff <u>specifically refused</u> to work with Defendant on setting new dates after the last Case Management Conference. Thus, Defendant's counsel has set other 2009 trial and case matters around the current schedule in place.

Plaintiff has now retained counsel. Rather than attempt a substantive meet and confer discussion with Defendant, Plaintiff waited until the 11th hour to propose an unreasonable revised case schedule, then demanded immediate acceptance of it within two hours. As discussed below, Defendant does not oppose reasonable extensions on the current schedule. Defendant remains willing to work with Plaintiff on a new schedule that is reasonable and works for <u>all</u> parties, counsel and the Court. Defendant proposes a schedule along the lines of continuing the

---

[1] As discussed further *infra*, it is unclear to Defendant precisely what modifications to the current schedule Plaintiff seeks. Plaintiff proposed a schedule to Defendant. *See* Declaration of Victoria R. Carradero in Support of Defendant's Response to Plaintiff's Ex Parte ("Carradero Dec."), Ex. C. In his *ex parte* papers to the Court, Plaintiff proposes something different. It appears he requests continuance of the discovery cut-off date for a minimum of 90 days, but then requests a continuance of all dates, including the discovery cut-off date, for eight months. Defendant will address each request. *Cf* Plaintiff's Memorandum of Points and Authorities, at 3:1-2 and 3:18-19.

AMENDED NOTICE OF DEPOSITION- Case No. C 07-06036 EDL

1

discovery cut-off date to early to mid December 2008 (which is in accordance with Plaintiff's request for a 90-day continuance), summary judgment in early or late February 2009, expert disclosures in March 2009, and keeping the April 2009 trial date. Alternatively, Defendant proposes moving the above proposed dates approximately no more than six weeks and continuing the trial date to no later than mid-late June 2009.

## II.   STATEMENT OF FACTS

Plaintiff filed this lawsuit in November 2007. *See* Complaint. Both parties proposed a schedule prior to the Case Management Conference.[2] In March 2008, the Court issued an order adopting some of each parties' requests and setting forth the following schedule:

Fact discovery cut off: September 5, 2008

Initial expert disclosures: September 19, 2008

Last day to complete mediation: September 25, 2008

Rebuttal expert disclosures: October 3, 2008

Expert discovery cut off: November 14, 2008

---

[2]Plaintiff proposed the following schedule:

Fact discovery cut off: October 22, 2008
Plaintiff's expert witness disclosure: November 5, 2008
Defendant's expert witness disclosure: November 19, 2008
Expert witness discovery cut off: December 31, 2008
Last day to hear dispositive motions: February 27, 2009
Pre-trial conference: March19, 2009
Trial:   March 30, 2009
*See* Plaintiff's Case Management Conference Statement dated February 28, 2008

Defendant proposed the following schedule:

Fact discovery cut off: September 5, 2008
Plaintiff's expert disclosure: September 19, 2008
Defendant's expert disclosure: October 3, 2008
Expert discovery cut off: November 14, 2008
Last day to hear dispositive motions: January 16, 2008
Pre-trial conference: February 5, 2009
Trial: February 16, 2009
*See* Defendant's Case Management Conference Statement filed February 26, 2008.

AMENDED NOTICE OF DEPOSITION- Case No. C 07-06036 EDL

2

1  Last day to hear dispositive motions: November 18, 2008

2  Pre-trial conference: March 24, 2009

3  Trial:  April 13, 2009

4  Since that time, Defendant and Plaintiff propounded written discovery and deposition

5  notices.³  Plaintiff also requested mediation and the appointment of special mediation counsel,

6  which the Court granted.

7  On August 5th, the parties appeared for a Case Management Conference wherein the

8  Court inquired about the status of the case.  Prior to this conference the parties submitted

9  additional Case Management Conference Statements.  In Plaintiff's statement, Plaintiff requested

10  a continuance of the mediation deadline to October 10, 2008 and the deadline to hear dispositive

11  motions to February 27, 2009.  *See* Plaintiff's Case Management Conference Statement of

12  August 3, 2008.  Plaintiff did not request that the Court continue any other dates.  At the

13  conference, Defendant advised that Plaintiff's deposition was set to occur on August 12th and

14  Defendant was awaiting discovery responses per an extension Defendant previously granted.

15  Carradero Dec., ¶ 3.  Defendant further advised that the ADR office and Plaintiff's special

16  mediation counsel requested that the parties obtain a short extension on the deadline to complete

17  mediation to accommodate Plaintiff's and his counsel's calendars and the ADR offices need to

18  process the mediation.  *Id.*  Plaintiff stated that he needed more time to respond to the written

19  discovery and that he was unavailable for his deposition on the August 12th date that he selected

20  because he had to go out of town.⁴  *Id.* Defendant stated that this was the first time counsel was

21  hearing about such matters but was willing to discuss appropriate revisions to the schedule to

---

23  ³ Plaintiff owes Defendant three sets of outstanding discovery.  Carradero Dec., ¶ 2, fn. 1.
Plaintiff has also failed to appear twice for his deposition after initially agreeing to the date and
24  confirming his attendance.  *Id.*  However, while he has managed to not adequately respond to
Defendant's discovery, he has propounded document requests and interrogatories on Defendant.
25  *Id.*

26
 ⁴ It is Defendant's understanding that Plaintiff did not go out of town on August 12th and
27  was available for deposition.  Carradero Dec., ¶ 2, fn.2.  Defendant subsequently re-set the
deposition for August 26th, a date to which Plaintiff agreed he would appear.  *Id.*  Plaintiff
28  subsequently canceled this date as well.  *Id.*

AMENDED NOTICE OF DEPOSITION- Case No. C 07-06036 EDL

3

1  accommodate this delay. *Id.* The Court cautioned that this matter needed to move along and that
2  short continuances in certain dates may be appropriate, but that the parties should largely stick to
3  the schedule already in place. *Id.* The Court ordered short extensions on the deadlines for the
4  parties to complete mediation (until October 10, 2008) and to hear dispositive motions (until
5  January 13, 2009). *Id.* All other dates remained the same. Defendant reached out to Plaintiff
6  immediately after that conference to discuss proposed revisions to other dates in the schedule as
7  the parties and the Court had discussed, specifically, the discovery cut-off date. *Id., see also* Ex.
8  A. Plaintiff did not contact Defendant to discuss the matter as requested. *Id.* Defendant's
9  counsel has since been set for trial and other various critical dates in other matters. *Id.* ¶¶ 3, 7.

10        On August 25th, Plaintiff obtained counsel and has since requested dismissal of the
11  special mediation counsel appointed by the Court. *See* Notice of Appearance and Notice of
12  Substitution. When Plaintiff's counsel notified Defendant of their representation of Plaintiff,
13  Defendant's counsel immediately requested that they contact her to discuss a date certain for
14  Plaintiff's deposition and any proposed revisions to the schedule. Carrradero Dec., ¶ 4; *see also*
15  Ex. B. Defendant's counsel also advised that she was not able to stipulate to lengthy
16  continuances because (1) the court-ordered dates had long been set; (2) the Court had previously
17  advised the parties to move the matter along and cautioned against significant deviation from the
18  current schedule; (3) Plaintiff rejected Defendant's offer to adjust dates; and (4) Defendant and
19  counsel relied on the established dates scheduling other trials and matters around them. *Id*.
20  Defendant's counsel requested that Plaintiff's counsel strongly consider working with the dates
21  set by the Court as much as possible. *Id.* On September 4, 2008, at approximately 12:46 p.m.,
22  Plaintiff's counsel sent an email to Defendant's counsel proposing a schedule that changes all
23  dates substantially, continuing various dates for nine plus months, continuing the trial date for at
24  least four months, and running into other trials and scheduling matters already in place. *Id.,* Ex.
25  C. Plaintiff demanded that Defendant accept the proposed schedule by 3:00 p.m. that day or
26  Plaintiff would file a motion for relief. The schedule Plaintiff proposed is as follows:

27      10/07/08 - Mediation
    5/01/09 - Discovery Cutoff
28      5/15/09 - Expert Witness Disclosure

AMENDED NOTICE OF DEPOSITION- Case No. C 07-06036 EDL

4

5/29/09 - Expert Witness Rebuttal
6/26/09 - Expert Discovery Cutoff
7/17/09 - Last Day for Summary Judgment
8/17/09 - Trial

*Id*.

Defendant's counsel called Plaintiff's counsel to inquire if he was willing to discuss other dates because she could not agree to the sole schedule he proposed. Carradero Dec., ¶ 5. Plaintiff's counsel stated that he would not consider any earlier dates. *Id*. Defendant attempted again to work with Plaintiff on setting a reasonable schedule. *Id*. After that telephone call, Defendant's counsel sent Plaintiff's counsel an email explaining the problems with the schedule demanded. *Id*., Ex. D. This email further explained that Defendant is happy to work with Plaintiff on reasonable revisions to the schedule and that if Plaintiff is interested in working out a schedule that works for all parties and counsel, to please call Defendant's counsel. *Id*. Plaintiff's counsel never responded to the email and filed the instant application. *Id*. Defendant simultaneously e-filed a letter to the Court seeking the Court's guidance as to whether the parties should proceed to motions or if the Court will set a Case Management Conference to assist the parties. *See* Defendant's letter dated September 4, 2008.

It is unclear to Defendant precisely what modifications Plaintiff seeks as his Ex Parte requests somewhat contradictory proposals and a proposal different than that demanded from Defendant. Plaintiff first requests to continue the discovery cut-off for a minimum of 90 days. *See* Plaintiff's Memorandum of Points and Authorities, 3:1-2. Defendant does not oppose continuing the discovery cut-off date to sometime in December 2008. Plaintiff then requests that the Court continue <u>every date</u> in the current scheduling order for eight months. *See* Plaintiff's Ex Parte Application at 3:17-20. Defendant does oppose this request in it's entirety for the reasons set forth below.

### III. ARGUMENT

A. Plaintiff Failed to Properly Meet and Confer

Local Rule 37-1(a) provides that the Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless counsel have previously conferred. Inherent in

AMENDED NOTICE OF DEPOSITION- Case No. C 07-06036 EDL

5

1  such rules is a requirement that the parties meet and confer in good faith.  Here, despite
2  Defendant's repeated requests for Plaintiff to contact counsel to discuss proposed revisions to the
3  schedule, Plaintiff waited until the eleventh hour and demanded that Defendant accept the sole
4  schedule he proposed within two hours.  Carradero Dec., ¶ 4; Exs., B-C.  However, the schedule
5  proposed fails in its entirety to consider the narrow issues in the case or Defendant's or counsel's
6  schedule.  This is not a substantive meet and confer effort.  Defendant reached out again to
7  Plaintiff to resolve this dispute and attempted to come up with a schedule that worked for all
8  parties.  Carradero Dec., ¶ 5, Ex. D.  Plaintiff did not respond.  *Id.*  It appears that at least one
9  matter likely could have been resolved had Plaintiff properly met and conferred.  Specifically,
10 the discovery cut off date: Defendant would have agreed to a 90-day continuance of that date had
11 he simply asked.

        B.        Good Cause Does Not Exist To Continue All Dates Eight Months

13       As Plaintiff is the moving party on this *ex parte* application, it is his burden to
14 demonstrate that he has met all requirements for the application and that the urgent relief he
15 seeks is justified.  Plaintiff has failed to meet his burden here.  Plaintiff appears to request a
16 continuance of all dates in the Court's scheduling order for <u>eight months</u>.  That would place the
17 schedule as follows:
18       Fact discovery cut off: May 2009
19       Initial expert disclosures: May 2009
20       Rebuttal expert disclosures: June 2009
21       Expert discovery cut off: July 2009
22       Last day to hear dispositive motions: July  2009
23       Pre-trial conference: November 2009
24       Trial:   December 2009
25       However, Plaintiff does not explain why good cause exists for an eight month
26 continuance of all dates for this straightforward employment case.  Nor can he offer any such
27 explanation because good cause does not exist for such an extensive and unreasonable
28 continuance.  This is not a complex case.  As Plaintiff and the Court knows, Plaintiff pursued

AMENDED NOTICE OF DEPOSITION- Case No. C 07-06036 EDL

6

1  EEO proceedings to address the narrow claims in this lawsuit; specifically, whether because of
2  his race, age and color he was discriminated against, harassed and subjected to reprisal when on
3  November 29, 2006 his then supervisor Maria Ciprazo denied his request for sick leave for
4  December 11-15, 2006, denied his request for FMLA leave for December 15, 2006, and on
5  November 15, 2006, issued him a Level 2 rating for his performance.  These are the claims that
6  he seeks redress for.[5]  *See* Complaint, ¶ 23.  Plaintiff thoroughly participated in the underlying
7  EEO proceedings.  He had the opportunity to present and obtain information regarding his claims
8  and in fact did so.  Thus, such an extensive continuance here in the name of "needing to complete
9  discovery" is unwarranted where there is a proceeding that occurred below.  Additionally, this
10 lawsuit has been pending since November 2007 and is growing stale.  Plaintiff had every
11 opportunity to seek modifications to the schedule previously.  However, he chose not to and in
12 fact, *specifically refused* to respond to Defendant's request to engage and discuss revisions to the
13 dates.  Carradero Dec., ¶ 3.  Accordingly, those dates remained and Defendant's counsel relied
14 on them, scheduling several other trials and matters around them (dates that have been ordered by
15 other courts).  Accordingly,  no good cause exists for an eight month continuance of all
16 scheduled dates.

      E.      Defendant Will Suffer Substantial Prejudice If The Scheduled Dates Are Continued In The Manner Demanded By Plaintiff.

19       For the reasons discussed above, Defendant will suffer substantial prejudice if the case is
20 continued eight months.  Defendant relied on the dates proposed by Plaintiff and on his apparent
21 wish to not change the schedule, scheduling several other critical matters around them. Plaintiff's
22 requested eight month continuance substantially  interferes and conflicts with trials and other
23 matters Defendant's counsel has scheduled and which have been ordered by other judges.
24 Carradero Dec., ¶ 7.  Additionally, Plaintiff has leveled a flood of horrible accusations against

---

[5]To the extent Plaintiff attempts to seek redress for claims that were dismissed as untimely and/or without basis during the EEO proceedings, such claims are time barred. But even if such claims were allowed to proceed, those allegations were part of the EEO investigation and proceedings and do not add to the complexity of the case or warrant an eight month carte blanc extension on the entire case schedule.

AMENDED NOTICE OF DEPOSITION- Case No. C 07-06036 EDL

7

GSA and his manager Maria Ciprazo. Defendant wants and deserves closure to this matter. There is no good faith reason to continue this matter so far into 2009, two full years after the case was filed.

Defendant remains willing to work out adjustments to the current schedule, so long as the adjustments work for all parties, counsel and the Court. Defendant proposes a schedule along the lines of continuing the discovery cut-off date in early to mid December 2008, summary judgment heard by early or late February 2009, expert disclosures in March 2009, and keeping the April 2009 trial date. Alternatively, Defendant proposes moving the above proposed dates no more than approximately six weeks and continuing the trial date to no later than mid-late June 2009.[6]

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

DATED:        September 5, 2008        By: _____
VICTORIA R. CARRADERO
Assistant United States Attorney

---

[6]Defendant's counsel is set for trial and significant pre-trial matters (court ordered pre-trial conferences and trial preparation deadlines) in February, May, September and December 2009. Defendant's counsel is currently working with the court and opposing counsel in another case for setting a trial in October 2009.

AMENDED NOTICE OF DEPOSITION- Case No. C 07-06036 EDL