JOSEPH P. RUSSONIELLO (CSBN 118321)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
VICTORIA R. CARRADERO (CSBN 217885)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7181
Fax: (415) 436-6748
Email: victoria.carradero@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR L. BROWN, | Case No. C 07-06036 EDL |
| Plaintiff, | DECLARATION OF VICTORIA R. CARRADERO IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S EX PARTE APPLICATION |
| v. | |
| LURITA ALEXIS DOAN, ADMINISTRATOR, GENERAL SERVICES ADMINISTRATION | |
| Defendant. | |

CARRADERO DECLARATION- Case No. C 07-06036 EDL

I, Victoria R. Carradero, hereby declare as follows:

1. I am over the age of 18 and am authorized to practice before this Court. I am counsel of record for Defendant in the above captioned matter. I make this declaration based on my own personal knowledge and if called to testify to these matters I could and would testify competently to them under oath. I make this declaration in support of Defendant's Response to Plaintiff's Ex Parte Application.

2. I substituted in as counsel of record for Defendant on July 10, 2008. Recognizing that Plaintiff was in pro per, I have been very patient with Plaintiff, accommodating Plaintiff with his numerous delays and requests for extension.[1]

3. On August 5th, the parties appeared for a Case Management Conference wherein the Court inquired about the status of the case. At the conference, I advised that Plaintiff's deposition was set to occur on August 12th and Defendant was awaiting discovery responses per an extension Defendant previously granted. I further advised that the ADR office and Plaintiff's special mediation counsel requested that the parties obtain a short extension on the deadline to complete mediation to accommodate Plaintiff's and his counsel's calendars and the ADR offices need to process the mediation. Plaintiff stated that he needed more time to respond to the written discovery and that he was unavailable for his deposition on the August 12th date that he selected because he had to go out of town.[2] I stated that this was the first time I was hearing about such

---

[1] For example, when I first came on to the case, Plaintiff called to request an extension on Defendant's first set of discovery requests. I permitted a one week extension of time so long as he agreed to provide Defendant with a mutual extension for discovery he may propound. Plaintiff agreed to this. When I finally received Plaintiff's responses, they were inadequate and incomplete. I also worked with Plaintiff regarding his deposition, selecting a date that he offered (August 12, 2008). Since that time, Defendant has propounded additional sets of discovery which are now passed due. Plaintiff did not request extensions of time from Defendant on these responses; he simply did not respond. While Plaintiff has managed to not adequately respond to Defendant's discovery or Defendant's meet and confer letter, he has propounded document requests and interrogatories to Defendant.

[2] It is my understanding that Plaintiff did not go out of town on August 12th and was available for deposition. I subsequently re-set the deposition for August 26th, a date to which Plaintiff told me he would appear. Plaintiff subsequently canceled this date as well.

CARRADERO DECLARATION- Case No. C 07-06036 EDL

1

1. matters but was willing to discuss appropriate revisions to the schedule to accommodate this delay. The Court cautioned that this matter needed to move along and that short continuances in certain dates may be appropriate, but that the parties should largely stick to the schedule already in place. The Court ordered short extensions on the deadlines for the parties to complete mediation (until October 10, 2008) and to hear dispositive motions (until January 13, 2009). All other dates remained the same. I reached out to Plaintiff immediately after that conference to discuss proposed revisions to other dates in the schedule as the parties and the Court had discussed, specifically, the discovery cut-off date. Attached hereto as **Exhibit A** is a true and correct copy of the letter that I sent Plaintiff proposing dates and asking him to call me to discuss the case schedule. Plaintiff did not contact me to discuss the matter as requested. Accordingly, I relied on the schedule in place and Plaintiff's apparent wish not to move any dates, setting trials and other various critical dates around the established dates in this case.

4. When Plaintiff's counsel notified Defendant of their representation of Plaintiff, I immediately requested that they contact me to discuss a date certain for Plaintiff's deposition and any proposed revisions to the schedule. I also advised that I was not able to stipulate to lengthy continuances because (1) the court-ordered dates had long been set; (2) the Court had previously advised the parties to move the matter along and cautioned against significant deviation from the current schedule; (3) Plaintiff rejected Defendant's offer to adjust dates; and (4) Defendant and counsel relied on the established dates scheduling other trials and matters around them. I requested that Plaintiff's counsel strongly consider working with the dates set by the Court as much as possible. Attached hereto as **Exhibit B** are true and correct copies of letters my office faxed to Plaintiff's counsel regarding proposing revisions to the current schedule. On September 4, 2008, at approximately 12:46 p.m., Plaintiff's counsel sent me an email proposing a schedule that changes all dates substantially, continuing various dates for nine plus months, continuing the trial date for at least four months, and running into other trials and scheduling matters already in place. Attached hereto as **Exhibit C** is a true and correct copy of the September 4th email that I received from Plaintiff's counsel. In this email, Plaintiff's counsel requested that Defendant

accept the proposed schedule by 3:00 p.m. that day or Plaintiff would file a motion for relief. The schedule Plaintiff proposed is as follows:

    10/07/08 - Mediation
    5/01/09 - Discovery Cutoff
    5/15/09 - Expert Witness Disclosure
    5/29/09 - Expert Witness Rebuttal
    6/26/09 - Expert Discovery Cutoff
    7/17/09 - Last Day for Summary Judgment
    8/17/09 - Trial

5. After receiving the email, I called Plaintiff's counsel to inquire if he was willing to discuss other dates because I could not agree to the sole schedule he proposed. Plaintiff's counsel stated that he would not consider any earlier dates. I again attempted to work with Plaintiff on setting a reasonable schedule. After that telephone call, I sent Plaintiff's counsel an email explaining the problems with the schedule demanded. Attached hereto as **Exhibit D** is a true and correct copy of the email that I sent to Plaintiff's counsel on September 4, 2008. This email further explained that Defendant is happy to work with Plaintiff on reasonable revisions to the schedule and that if Plaintiff is interested in working out a schedule that works for all parties and counsel, to call me. Plaintiff's counsel never responded to my email.

6. Plaintiff's counsel never responded to my email.

7. I relied on the dates proposed by Plaintiff and on his apparent wish to not change the schedule, scheduling several other critical matters around them. Plaintiff's eight month continuance suggested to this Court substantially interferes and conflicts with trials and other matters I have scheduled and which have been ordered by other judges. Specifically, I am set for trial and significant pre-trial matters (court ordered pre-trial conferences and trial preparation deadlines) in February, May, September and December 2009. I am also currently working with the court and opposing counsel in another case for setting a trial in October 2009.

8. Defendant remains willing to work out adjustments to the current schedule, so long as the adjustments work for all parties, counsel and the Court. Defendant proposes a schedule along the lines of continuing the discovery cut-off date in early to mid December 2008, summary judgment heard by early or late February 2009, expert disclosures in March 2009, and keeping the April 2009 trial date. Alternatively, Defendant proposes moving the above proposed

CARRADERO DECLARATION- Case No. C 07-06036 EDL
3

1  dates no more than approximately 6 weeks and continuing the trial date to no later than mid-late
2  June 2009.
3       I declare under penalty of perjury under the laws of the United States of America that the
4  foregoing is true and correct and that this declaration was executed by me on September 5, 2008
5  in San Francisco California.

7  DATED:       September 5, 2008
8                                                                  VICTORIA R. CARRADERO

CARRADERO DECLARATION- Case No. C 07-06036 EDL
4

**EXHIBIT A**



**U.S. Departme    of Justice**

*United States Attorney*
*Northern District of California*

---

| | |
|---|---|
| *11th Floor, Federal Building* | *(415) 436-7200* |
| *450 Golden Gate Avenue, Box 36055* | |
| *San Francisco, California 94102-3495* | *FAX:(415) 436-7234* |

August 6, 2008

Arthur Brown
1018 College Avenue
San Mateo, CA 94401

    Re:    Arthur L. Brown v. Lurita Alexis Doan, Administrator, GSA
            C 07-6036 EDL

Dear Mr. Brown:

    I write regarding yesterday's Case Management Conference. As we previously discussed, you requested and Defendant agreed to grant you an extension of time until August 4, 2008 to provide responses to Defendant's First Request for Production of Documents and First Set of Special Interrogatories. Additionally, you and I met and conferred on the date for your deposition and you requested that the deposition occur on August 12, 2008. However, yesterday you notified the judge that you were unable to finish the responses to the written discovery[1] and said that you had to go to Texas next week to see your mother. I never received any prior communication from you that you needed or wanted a further extension of time to complete the discovery owed to Defendant or that you were not planning to show up for your deposition on the date you requested. If you do not communicate with me about such matters, it causes further delay in the case you have initiated. Please provide your responses to Defendant's First Request for Production of Documents and First set of Special Interrogatories **by August 20, 2008.** Please note that because you did not serve your discovery responses by the August 4th deadline, any objections you have to the discovery requests have been waived. Please also contact me this week to discuss the following items:

- Your deposition, which I propose occur on August 26th and continue on August 27th (I have enclosed a deposition notice to this effect);
- A short extension of time to the discovery cut-off date per Judge LaPorte's suggestion. I propose September 26th. This should be sufficient time to complete non-expert discovery and still keep the mediation, dispositive motion hearing, and trial deadlines set by the Court.

---

[1] However, Defendant recently received discovery requests from you, which you apparently had time to draft.

Thank you.

Very Truly Yours,

*[signature]*

Victoria R. Carradero
Assistant United States Attorney

Enclosure: Amended Notice of Taking Deposition of Plaintiff Arthur Brown

# EXHIBIT B



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

9th Floor, Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

(415) 436-7181

FAX:(415) 436-6748

August 26, 2008

<u>*Via Mail and Fax: 415-675-2530*</u>

Law Offices of Waukeen Q. McCoy
703 Market Street, Suite 1407
San Francisco, CA 94103

Re: Arthur Brown v. Lurita Alexis Doan, Administrator, GSA 3:07-cv-06036-EDL

Dear Mr. McCoy:

I am in receipt of your letter from yesterday afternoon stating that your office now represents Plaintiff Arthur Brown in this matter. This letter will confirm that all future correspondence on this matter will be directed to you. I expect that you will immediately file a Notice of Substitution of Counsel. As you know, Plaintiff currently represents himself in pro per, but has court appointed special counsel for the upcoming mediation.

As to Plaintiff's deposition, this is the second time that Plaintiff has confirmed his attendance at his scheduled deposition and then canceled it at the last minute. Your letter states that you "insist [Plaintiff's] deposition be delayed until such time that [you] have been able to review his case file and adequately prepare to defend his deposition." While I am open to a very short continuance of Plaintiff's deposition, I cannot agree to much further delay. The court long ago set deadlines in this case, and recently moved them to accommodate Plaintiff. The court cautioned that this matter needed to move along and that short continuances in certain dates may be appropriate, but that the parties should largely stick to the schedule already in place. After the last CMC in this matter, I contacted Plaintiff to propose new dates for a discovery cut-off deadline to accommodate his delay in appearing for deposition. Plaintiff never responded to my proposal. Accordingly, the court-ordered September 5, 2008 discovery cut-off date remains. Therefore, I need a date certain in order to complete Plaintiff's deposition by September 3, 2008. If Plaintiff has changed his mind and wants to discuss a new discovery cut off date, please propose one. However, I must have a date certain for Plaintiff's deposition immediately.

In addition to the impending discovery cut off date, Plaintiff requested and the court ordered mediation in this matter. The court ordered (and continued once), the deadline for the parties to complete mediation. That date is now October 10, 2008. Plaintiff's special counsel confirmed Plaintiff's availability for mediation and the mediator scheduled mediation to occur on October 7, 2008. Thus, Plaintiff's deposition must be set in the immediate future.

Additionally, Plaintiff owes Defendant adequate discovery responses and a privilege log. Please see my prior correspondence with Plaintiff on this issue. I requested that he supply this information yesterday. As of this writing, I have received no response. Please advise whether or not I will receive a response to the issues raised in that correspondence.

Given the immediate deadlines in this case, please contact me this week to discuss the scheduling of Plaintiff's deposition, outstanding discovery, and any proposals you have, if any, for short continuances. I am available today, tomorrow and Friday. Please propose a few dates/times to set a conference call, or submit your proposal to me in writing.

Thank you for your anticipated cooperation. I look forward to working with you on this matter.

Very truly yours,

Victoria R. Carradero
Assistant United States Attorney

## Message Confirmation Report

AUG-26-2008 09:58 AM TUE

Xerox FaxCentre 2218
Machine Fax ID          : US ATTORNEY
Serial Number           : CBC458357.......
Fax Number              : 4154366748

Name/Number    : 96752530
Page           : 3
Start Time     : AUG-26-2008 09:57AM TUE
Elapsed Time   : 00'36"
Mode           : STD ECM
Results        : O.K

---



U.S. Department of Justice
United States Attorney
Northern District of California
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Telephone Number: 415/436-7200
Fax Number: 415/436-6748

# FAX

| To: | Waukeen Q. McCoy | From: | Victoria R. Carradero |
|---|---|---|---|
| Fax: | 415-675-2530 | Phone: | 415-436-7181 |
| Date: | August 26, 2008 | Page(s): | 3 including cover |
| Re: | *Arthur Brown v. Lurita Alexis Doan, Administrator,* GSA, 3:07-cv-06036 EDL | | |

COMMENTS:

Please see attached.

---

**CONFIDENTIAL U.S. ATTORNEY FACSIMILE COMMUNICATION**

The information contained in this facsimile message, and any and all accompanying documents constitutes confidential information. This information is the property of the U.S. Attorney's Office. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this message in error, please notify us immediately at the above number to make arrangements for its return to us.



U.S. Department of Justice
United States Attorney
Northern District of California
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Telephone Number: 415/436-7200
Fax Number: 415/436-6748



| To: | Waukeen Q. McCoy | From: | Victoria R. Carradero |
|---|---|---|---|
| Fax: | 415-675-2530 | Phone: | 415-436-7181 |
| Date: | August 26, 2008 | Page(s): | 3 including cover |
| Re: | *Arthur Brown v. Lurita Alexis Doan, Administrator*, GSA, 3:07-cv-06036 EDL | | |

COMMENTS:

Please see attached.

## CONFIDENTIAL U.S. ATTORNEY FACSIMILE COMMUNICATION

The information contained in this facsimile message, and any and all accompanying documents constitutes confidential information. This information is the property of the U.S. Attorney's Office. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this message in error, please notify us immediately at the above number to make arrangements for its return to us.



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

9th Floor, Federal Building             (415) 436-7200
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495    FAX:(415) 436-6748

August 27, 2008

**Via Mail and Fax: 415-675-2530**

Spencer Smith
Law Offices of Waukeen McCoy
703 Market Street, Suite 1407
San Francisco, CA 94103

Dear Mr. Smith:

It was a pleasure to meet you on the telephone today. I will send a notice for Plaintiff's deposition for September 16, 2008 as we discussed. Please note that Plaintiff does owe Defendant outstanding discovery, as well as additional discovery that is due next week. This letter also confirms that you will call me on September 3, 2008 with your proposals for adjusting the current case schedule. As you may know, the parties have a pre-mediation conference call on September 3rd at 10:00. Please call me prior to this pre-mediation call, or propose an alternative time. Thank you.

Very truly yours,

JOSEPH P. RUSSONIELLO
United States Attorney

Victoria R. Carradero
Assistant United States Attorney

## Message Confirmation Report

AUG-28-2008 10:04 AM THU

```
                          Xerox FaxCentre 2218
                          Machine Fax ID      :  US ATTORNEY
                          Serial Number       :  not installed
                          Fax Number          :  4154366927
```

```
Name/Number    :   96752530
Page           :   1
Start Time     :   AUG-28-2008 10:03AM THU
Elapsed Time   :   00'12"
Mode           :   STD ECM
Results        :        O.K
```

---



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

*9th Floor, Federal Building*            (415) 436-7200
*450 Golden Gate Avenue, Box 36055*
*San Francisco, California 94102-3495*    FAX:(415) 436-6748

August 27, 2008

<u>Via Mail and Fax: 415-675-2530</u>

Spencer Smith
Law Offices of Waukeen McCoy
703 Market Street, Suite 1407
San Francisco, CA 94103

Dear Mr. Smith:

It was a pleasure to meet you on the telephone today. I will send a notice for Plaintiff's deposition for September 16, 2008 as we discussed. Please note that Plaintiff does owe Defendant outstanding discovery, as well as additional discovery that is due next week. This letter also confirms that you will call me on September 3, 2008 with your proposals for adjusting the current case schedule. As you may know, the parties have a pre-mediation conference call on September 3rd at 10:00. Please call me prior to this pre-mediation call, or propose an alternative time. Thank you.

Very truly yours,

JOSEPH P. RUSSONIELLO
United States Attorney

Victoria R. Carradero
Assistant United States Attorney

**EXHIBIT C**

# Carradero, Victoria (USACAN)

**From:** Waukeen McCoy [mccoylawsf@yahoo.com]
**Sent:** Thursday, September 04, 2008 12:46 PM
**To:** Carradero, Victoria (USACAN)
**Subject:** RE: Brown v. Doan, 07-6036 EDL

Hello Victoria,

Here are the dates I propose for this case:

10/07/08 - Mediation
5/01/09 - Discovery Cutoff
5/15/09 - Expert Witness Disclosure
5/29/09 - Expert Witness Rebuttal
6/26/09 - Expert Discovery Cutoff
7/17/08 - Last Day for Summary Judgment
8/17/08 - Trial

Please let me know if you will stipulate to this schedule. Since the current discovery cutoff is set for tomorrow, I will have to file for Relief from Scheduling if you do not stipulate to these dates by 3pm this afternoon.

Thank you very much,

Spencer Smith

1

**EXHIBIT D**

## Carradero, Victoria (USACAN)

**From:** Carradero, Victoria (USACAN)
**Sent:** Thursday, September 04, 2008 2:17 PM
**To:** 'mccoylawsf@yahoo.com'
**Subject:** RE: Brown v. Doan, 07-6036 EDL

Hello Spencer: Since August 26th, Defendant has requested on numerous occasions that Plaintiff's counsel call me to discuss proposed revisions to the schedule. I also advised you more than once that while I was amenable to reasonable continuances, I could not agree to lengthy continuances for several reasons. First, as your client knows, the case schedule has long been set. At the last CMC, the Judge cautioned that this matter needed to move along and that short continuances in certain dates may be appropriate, but that the parties should largely stick to the schedule already in place. Second, I previously contacted Mr. Brown about revisions to the schedule and he did not return my calls or correspondence. Accordingly, based on his apparent wish to leave the schedule as is, Defendant relied on the schedule in place and set other trials, deadlines, and matters in accordance with those dates. Now, it appears that Plaintiff demands Defendant accept the sole schedule he sets forth within approximately two hours of sending the request. In our telephone discussion just now, you said that Plaintiff will not consider anything earlier than the dates proposed below. I was hoping that the meet and confer effort on this issue would be more substantive. Defendant is happy to work with Plaintiff on reasonable revisions to the schedule. However, the below is not reasonable. It continues various dates for nine plus months. Additionally, the dates proposed run into other trial and case schedules in place. It appears from our conversation that this is Plaintiff's one and only offer, in which case I cannot accept it and we will need to involve Judge Laporte. If Plaintiff is interested in working out a schedule that works for all parties and counsel, please call me. Thank you.

Victoria R. Carradero
Assistant U.S. Attorney
United States Attorney's Office
Northern District of California
450 Golden Gate Avenue, 9th Floor
Box 36055
Tel. 415-436-7181
Fax. 415-436-6748
Email. victoria.carradero@usdoj.gov

**From:** Waukeen McCoy [mailto:mccoylawsf@yahoo.com]
**Sent:** Thursday, September 04, 2008 12:46 PM
**To:** Carradero, Victoria (USACAN)
**Subject:** RE: Brown v. Doan, 07-6036 EDL

Hello Victoria,

Here are the dates I propose for this case:

10/07/08 - Mediation
5/01/09 - Discovery Cutoff
5/15/09 - Expert Witness Disclosure
5/29/09 - Expert Witness Rebuttal
6/26/09 - Expert Discovery Cutoff
7/17/08 - Last Day for Summary Judgment
8/17/08 - Trial

Please let me know if you will stipulate to this schedule. Since the current discovery cutoff is set for tomorrow, I will have to file for Relief from Scheduling if you do not stipulate to these dates by 3pm this afternoon.

Thank you very much,

Spencer Smith

2